

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

October 7, 2020

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> MEMORANDUM ENDORSED. Plaintiff is ORDERED to respond to Defendants' first set of interrogatories and requests for production of documents by December 7, 2020. The failure of Plaintiff to do so may result in dismissal of the claims for failure to prosecute. Defendant is ORDERED to send by mail another copy of the interrogatories and requests for production of documents within 24 hours of this order. IT IS FURTHER ORDERED that the discovery schedule is extended, and the new deadlines proposed on page three of this letter are adopted. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. 10/7/2020
>
> SO ORDERED.
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge

Re:  Garcia v. City of New York, *et al.*, 19-CV-8167 (LJL)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York (hereinafter "Corporation Counsel"), and the attorney for Defendants City of New York, Deputy Warden Tanisha Mills, and Correction Officer Washington ("Defendants") in the above-referenced matter. The undersigned respectfully writes to request that the Court 1) compel Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents ("Defendants' Requests") by a date certain upon pain of dismissal and, in the event Plaintiff does comply, 2) extend all discovery deadlines in this matter by 60 days. This is Defendants' first motion to compel discovery responses, and their third request for an extension of discovery. This application is made without Plaintiff's consent, as Plaintiff is currently incarcerated and cannot be expeditiously contacted.

    By way of background, Plaintiff *pro se* alleges that on October 12, 2017, Defendant Correction Officer Washington failed to use pepper spray against another inmate while that inmate assaulted Plaintiff. On March 6, 2020, the Court held an initial pretrial conference, during which Your Honor endorsed the case management plan submitted by the parties. ECF No. 30. On March 26, 2020, Defendants requested a 90 day extension of discovery due to the difficulty obtaining documents and conducting interviews during the coronavirus pandemic. ECF No. 32. On April 8, 2020, the Court endorsed Defendants' proposed discovery plan and directed Defendants to update the Court on the status of discovery by July 8, 2020. ECF No. 33. In accordance with the Court's April 8, 2020 Order, Defendants submitted a status report on July 8, 2020. ECF No. 34. On July 14, 2020, the undersigned served Plaintiff with Defendants'

Requests. During a telephone call on August 19, 2020, Plaintiff informed the undersigned that he was unsure whether he was still in possession of Defendants' Requests and asked the undersigned to resend them. On August 20, 2020, Defendants requested the Court extend all discovery deadlines in this matter by 60 days as Plaintiff had not responded to Defendants' Requests. ECF No. 35. On August 21, 2020, Defendants mailed another copy of Defendants' Requests to Plaintiff. By Order dated August 27, 2020, the Court granted Defendants' August 20, 2020 extension request, thereby extending the close of discovery to December 4, 2020. ECF No. 36.

As of the date of this filing, the undersigned has still not received Plaintiff's responses to Defendants' Requests. In the event Your Honor grants this motion to compel but Plaintiff still fails to respond to Defendants' Requests, Defendants intend to seek leave to move to dismiss Plaintiffs claims pursuant to Rule 41(b). Under Rule 41(b), "[if] the plaintiff fails to prosecute…, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When deciding whether to dismiss a case for failure to prosecute, courts in the Second Circuit weigh five factors: (1) the duration of the plaintiff's failure to comply with the court's orders, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the court has adequately considered a sanction less drastic than dismissal. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Here, Plaintiff has already delayed this case by nearly 60 days by failing to respond to the requests Defendants served on July 14, 2020. Further delay would prejudice Defendants because, as explained in their second letter motion to extend discovery, they require time to obtain documents pursuant to the releases requested from Plaintiff before conducting Plaintiff's deposition. The Court has already considered an alternative to dismissal by extending discovery to accommodate Plaintiff's failure to comply with Rules 33 and 34. Though the Court has not explicitly notified Plaintiff that failure to comply with these Rules could result in dismissal, Plaintiff will have adequate notice if Your Honor grants the instant request.

For the foregoing reasons, Defendants respectfully request the Court 1) compel Plaintiff to respond to Defendants' Requests by a date certain upon pain of dismissal and, should Plaintiff comply, 2) extend all discovery deadlines in this matter by 60 days. Should Your Honor grant this request, the discovery deadlines in this matter would be extended as depicted below.

| **Event** | **Current Deadline** | **Requested Deadline** |
|---|---|---|
| Deadline to serve requests to admit | November 2, 2020 | January 4, 2021 |
| Close of fact discovery | December 4, 2020 | February 2, 2021 |
| Deadline to complete depositions | December 4, 2020 | February 2, 2021 |
| Deadline to file motions for summary judgment | December 18, 2020 | February 16, 2021 |

Thank you for your consideration herein.

Respectfully submitted,

<u>James R. Murray   s/</u>
James R. Murray
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC:   **BY FIRST-CLASS MAIL**
Eric Garcia
*Plaintiff Pro Se*
B&C No. 8951900155
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370

3