```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ERIC GARCIA,                                                     :
                                                                 :
                        Plaintiff,                               :
                                                                 :
        -v-                                                      :
                                                                 :
DEP'T OF CORRECTIONS, et al.,                                    :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2021
```

19-cv-8167 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Before the Court is a motion for failure to prosecute. *See* Dkt. No. 39.

Plaintiff, who is incarcerated, initiated this action *pro se* by filing a complaint on August 30, 2019, which he amended on December 9, 2019. The Amended Complaint brings claims pursuant to 42 U.S.C. § 1983, alleging that corrections officers failed to use pepper spray on another inmate that was assaulting Plaintiff. Dkt. No. 19 at 2-3.

On October 7, 2020, while the parties were in discovery, Defendants filed a letter motion to compel Plaintiff to respond to Defendants' first set of interrogatories and requests for production of documents, which Plaintiff had not responded to. Dkt. No. 37. Defendants detailed that on August 19, 2020, Plaintiff informed defense counsel that he was unsure if he was still in possession of Defendants' discovery requests, and asked that Defendants re-send them. Defendants mailed another copy of the requests on August 21, 2020 but received no response.

By order on October 7, 2020, the Court granted Defendants' motion to compel and ordered Plaintiff to respond to the requests by December 7, 2020, and extended the deadline for discovery from December 4, 2020 to February 2, 2021. Dkt. No. 38. The Court stated "[t]he failure of Plaintiff to [respond to the requests by December 7, 2020] may result in dismissal of

the claims for failure to prosecute." *Id*. It further ordered Defendants to again re-send by mail another copy of the discovery requests within 24 hours of the order. *Id*.

On December 22, 2020, Defendants filed the instant motion to dismiss for failure to prosecute. Dkt. No. 39. Defendants aver in their motion to dismiss that they mailed another copy of the discovery requests to Plaintiff on October 8, 2020, but that Plaintiff has still not complied with any of his discovery obligations. Dkt. No. 40 at 6-7. On December 23, 2020, the Court ordered Plaintiff to respond to Defendants' motion for failure to prosecute by February 15, 2021 and stated that "Plaintiff's response shall indicate whether he intends to prosecute the case and, if so, why he should be permitted to do so given the facts and law set forth in Defendant's motion." Dkt. No. 42. The Court's order of February 15, 2021, like all orders and filings in this case, was mailed to Plaintiff at the address listed on the record. Unlike other filings, however, the February 15, 2021 order was unable to be delivered and was returned to sender.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[if] the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). A plaintiff's

"failure to respond to an explicit order to show cause" why a case should not be dismissed is evidence of that plaintiff's "failure to pursue the case." *Smalls v. Port Auth. of N.Y. & N.J.*, 120 F. App'x 396, 399 (2d Cir. 2005) (citing *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990) (per curiam)).

Plaintiff has had discovery requests mailed to him on three separate occasions, and more than three months have passed since the deadline imposed by the Court compelling production of discovery.  Dkt. No. 38.  Plaintiff has not complied or made any response.  Plaintiff was notified by the Court's order of October 7, 2021 that failure to meet the deadline for production of discovery could result in dismissal of the case.  Dkt. No. 38.  Plaintiff was further ordered to respond to Defendants' motion to dismiss for failure to prosecute by February 15, 2021, and to indicate whether he intended to prosecute and show cause why he should be permitted to do so.  Dkt. No. 42.  He has made no filing.  Although the order at Dkt. No. 42 was returned to sender, "[a] plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint." *Abdallah v. Ragner*, 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) (citing *Fields v. Beem*, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases)).

Under these circumstances, dismissal is appropriate.  Accordingly, Defendants' motion to dismiss is GRANTED and this action is DISMISSED without prejudice.  The Clerk of Court is respectfully directed to terminate all pending motions, mail a copy of this Memorandum and Order to Plaintiff's address on record and close the case.

SO ORDERED.

Dated: March 25, 2021
       New York, New York

LEWIS J. LIMAN
United States District Judge

3